UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRENDON SCHLITZ,

           Petitioner,

V.

T.S. CRAIG,

           Respondent

**REPORT AND RECOMMENDATION**
9:05-CV-1575

(LEK/VEB)

---

## I. INTRODUCTION

On November 8, 2005, Brendon Schlitz, filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges the Bureau of Prison's (BOP) refusal to transfer him to a Community Correctional Center (CCC) or halfway house to provide a pre-release transition back into the community.[2] (Docket No.14). The relief sought in the Petition is an immediate transfer from prison to a CCC. (Docket No. 14, at p. 13).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 24).

---

[1] Schlitz's petition was originally filed in the Eastern District of New York. The case was transferred to the Northern District of New York on December 16, 2005.

[2] Petitioner does not contest the lawfulness of his conviction or sentence.

## II.  REPORT AND RECOMMENDATION

According to the Federal Bureau of Prisons' website,[3] Petitioner was released from custody on July 28, 2006.  Petitioner's release raises the question of whether this petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.[4]

As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.   A case becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.  So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists.  Spencer v. Kemna, 523 U.S. 1, 8 (1998). In this case, Petitioner only challenges the denial by the BOP to transfer him to a

---

[3] www.bop.gov   (Inmate Register Number 56193-053)

[4] A summary of the facts and background of the criminal case and the filing of the petition is unnecessary because Petitioner does not challenge his underlying conviction or sentence.

halfway house prior to his release, not his underlying conviction. (Docket No.14). Accordingly, because no presumption of collateral consequences applies, Petitioner must prove the existence of a concrete and *continuing* injury as a consequence of the refusal to transfer him to a halfway house prior to his release from prison. Spencer, at 7. On August 31, 2006, Respondent asserted in his Response that the petition was moot due to Petitioner's release. See (Docket No. 22). To date, almost two years later, Petitioner has made no assertion that his petition is not moot, or that he has suffered any concrete and continuing injury as is required.

Thus, as a result of his release from custody, the Court finds that Schlitz's petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. Moreover, Petitioner has failed to demonstrate a continuing concrete injury as the result of the BOP's refusal to transfer him to a halfway house prior to his release. Accordingly, this Court recommends that Petitioner's claim for habeas relief based upon the BOP's refusal to transfer him to a halfway house be DISMISSED as moot.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Brendon Schlitz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

                                              Respectfully submitted,

                                                                Victor E. Bianchini
                                                                United States Magistrate Judge

DATED:      June 30, 2008

              Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

June 30, 2008

_____
Victor E. Bianchini
United States Magistrate Judge